UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DEXTER ANDERSON,

        Petitioner,

v.                                                                      Case No. 07-C-761

UNITED STATES OF AMERICA,

        Respondent.

**ORDER**

On August 23, 2007, Dexter Anderson filed this petition pursuant to 28 U.S.C. § 2255, asserting that his conviction was unconstitutional because he received ineffective assistance of counsel; he also asserts this court erred when it relied on the 100:1 crack to cocaine ratio at sentencing, and further seeks resentencing in the event the Texas Supreme Court overturns his state conviction.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2255 Cases, which reads:

> If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.

Rule 4, Rules Governing § 2255 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims.

The bulk of the motion to vacate is based on ineffective assistance of counsel. Anderson's principal claim is that he would have accepted the government's plea deal if his counsel had ably

explained the extent of the sentence Anderson was facing. This sets forth a claim for ineffective assistance, as it alleges a failure to communicate as well as prejudice. *Hoffman v. Arave,* 455 F.3d 926, 941-42 (9th Cir. 2006) (petitioner "must show that there is a reasonable probability that he would have accepted the plea agreement had he received accurate advice from his attorney.")

Anderson's second claim alleges counsel was ineffective for failing to file a motion to suppress evidence based on the fact that several statements in the search warrant affidavit were false. Removing the false allegations from the affidavit would eliminate probable cause, Anderson asserts. Yet the Seventh Circuit rejected this argument on direct appeal. Although Anderson now couches the claim in terms of a *Franks* violation, it is clear that the magistrate judge had probable cause to issue the warrant. As the Seventh Circuit noted, the essence of Anderson's argument – that the affidavit was wrong because Anderson could not have been in Texas and Wisconsin at the same time – ignores the fact that the warrant affidavit merely stated that the conspiracy dated to January 2000.

> Anderson argues that Bolf's affidavit falsely stated that Anderson was selling drugs in Green Bay as far back as January 2000. Anderson apparently was in a Texas prison in January 2000, but his argument on this point requires little comment. The search warrant affidavit says Anderson was involved in a drug-selling conspiracy that dated back to January 2000, not that Anderson was actually selling drugs at that time.

*United States v. Anderson,* 450 F.3d 294, 303 n.1 (7th Cir. 2006). There is, in short, no reason to conclude that the warrant was factually wrong on any issue material to the probable cause determination. Arguments that have been rejected on direct appeal cannot constitute the basis for an ineffective assistance claim on a motion to vacate; the court of appeals concluded that the "magistrate judge had probable cause to issue the warrant," and nothing in Anderson's brief calls into question that conclusion. *Id.* at 303.

2

Third, Anderson alleges ineffective assistance because his sentencing counsel failed to object to this court's "double counting" of two sentencing enhancements. He asserts that this court erred when it applied an enhancement under U.S.S.G. § 3C1.2 for recklessly creating a substantial risk of death or serious bodily injury based on Anderson's fleeing and seizing a handgun he possessed. This court had also applied an enhancement under § 2D1.1(b)(1) for possession of firearms within the apartment where Anderson was arrested. As Anderson notes, the double counting issue was raised by the government, and I concluded that the enhancements were being imposed for two separate acts – possession of firearms, and fleeing and obtaining one of the firearms. Thus, having rejected the argument Anderson now makes, I cannot conclude that the failure of defense counsel to raise this argument was ineffective assistance of counsel. Indeed, because the issue *was* raised, it is unclear what Anderson believes his attorney should have done. Accordingly, this claim will be dismissed as well.

Fourth, Anderson argues that this court erred in not considering the unfairness of the 100:1 crack-cocaine ratio. He asserts that because the Guidelines are advisory, this court should not have relied (implicitly or explicitly) on that ratio in sentencing him, given the inequitable disparities that by now are well-recognized. I first note that Anderson's claim is not appropriately brought via a § 2255 motion, as an error in sentencing is the sort of error that must be raised on direct appeal. *Broadway v. United States,* 104 F.3d 901, 904 (7th Cir. 1997) ("Broadway identifies no reason why he could not have raised these arguments on direct appeal. They must founder as procedurally barred under § 2255. . . . Section 2255 does not enable petitioners to dredge up every defect they can imagine in their trials.")

Construing Anderson's claim as being one for ineffective assistance of counsel – the only conceivable way he could circumvent his failure to raise the matter on appeal – it still falters.

3

Although the court is aware of the strong criticisms leveled at the 100:1 ratio, there is no legal or constitutional requirement that a sentencing court completely disregard that ratio. It is, after all, built into the Guidelines, and courts have routinely rejected challenges to the ratio. *United States v. Trice,* 484 F.3d 470, 476 (7th Cir. 2007). Accordingly, this court's failure to consider objections to the crack-cocaine ratio at sentencing do not present a basis for relief under § 2255.

Finally, Anderson seeks resentencing in the event the Texas Supreme Court vacates his drug conviction in proceedings pending before that court. If successful in that endeavor, one of the factors that this court considered in imposing his sentence will be removed. Because this claim relies wholly on an uncertain contingency, however, the claim appears unripe; courts have dismissed similar claims brought under § 2255:

> Petitioner's claim for re-sentencing is currently hypothetical. Without the vacation of Petitioner's state sentences, this Court cannot consider whether Petitioner's federal sentence should be vacated and whether Petitioner should be re-sentenced. At a time when the underlying state sentences have been vacated, Petitioner may be able to seek relief from his federal sentence by a separate petition for habeas corpus, pursuant to 28 U.S.C. § 2255.

*Reyes v. United States,* 2007 WL 38852, *7 (D. N.J. 2007). The court in *Reyes* thus dismissed the petition without prejudice, meaning that Reyes could raise the claim, once ripe, without having to file a second or successive petition. Here, however, Anderson will proceed with at least part of his § 2255 petition, meaning that if I dismissed this claim and Anderson later sought to reassert the claim he would have to seek permission from the court of appeals to file a second petition. Section 2255, however, allows successive petitions only if newly discovered evidence calls into question the petitioner's guilt of the underlying *offense*. In other words, a second petition cannot be used to challenge a sentence. *Hope v. United States,* 108 F.3d 119, 120 (7th Cir.1997) ("[A] successive motion under 28 U.S.C. § 2255 . . . may not be filed on the basis of newly discovered evidence

4

unless the motion challenges the conviction and not merely the sentence."). Thus, because dismissal of the claim might adversely affect Anderson's future rights, I will stay the claim pending the outcome of Anderson's state proceedings.

Petitioner has also filed a motion for appointment of counsel. Under 18 U.S.C. § 3006A(a)(2)(B), "[w]henever . . . the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section 2241, 2254, or 2255 of title 28." Although it appears from his motion and supporting brief that petitioner has done an admirable job of representing himself, this may be a case where the interests of justice require appointment of counsel. Before making that determination, however, the court will review the government's response to his motion. The motion for appointment of counsel will therefore be held in abeyance until that time.

Petitioner also filed with his petition an application for leave to proceed *in forma pauperis*. Because there are no filing fees in § 2255 cases, the motion is **DENIED** as unnecessary;

The motion for appointment of counsel is held in abeyance;

The petitioner's second, third and fourth claims are **DISMISSED**;

The petitioner's fifth claim is **STAYED**;

Pursuant to Rule 4 of the Rules Governing § 2255 Proceedings, within 45 days of the date of this order, the United States Attorney in and for the Eastern District of Wisconsin shall serve and file an answer or responsive pleading, together with a legal brief or memorandum in support thereof, that complies with Rule 5 of the Rules Governing § 2255 and sets forth the government's position as to whether an evidentiary hearing will be needed to resolve the matter. Petitioner may file a reply within 30 days of the filing of the Government's answer and/or responsive pleading. Upon review

of the filings, the court will determine whether relief may be justified or whether a hearing may be warranted.

       **SO ORDERED** this 31st day of August, 2007.

                                                              s/ William C. Griesbach
                                                              WILLIAM C. GRIESBACH
                                                               United States District Judge