UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DEXTER ANDERSON,

      Petitioner,

  v.                                      Case No. 07-C-761

UNITED STATES OF AMERICA,

      Respondent.

**ORDER**

      Petitioner has filed a motion seeking reconsideration and, in the alternative, asking that he be allowed to abandon a stayed claim and proceed with his appeal. He asserts that he should have been given an evidentiary hearing to allow him to confront one his attorneys, Ann Bowe, as to whether she had ever discussed the consequences of going to trial with him. Although there is clearly a dispute as to what Bowe talked about with Anderson, my ruling denying relief did not turn on resolution of that factual dispute. Instead, I noted that it was undisputed that Anderson had received – and read – a letter from Attorney Steven Kohn, in which Kohn attached the government's plea offer, in which it warned that if Anderson went to trial, it would file a Section 851 information, which would increase the minimum sentence to 20 years. Anderson admitted that he received and read the letter, but states that he lost it after some time. From this, I concluded that Anderson had been apprised by his attorney of the dangers of going to trial rather than agreeing to a plea deal. Despite Anderson's present claim, the letter in question was quite clear: "Should this case go to trial, the government will undoubtedly be filing an information pursuant to Section 851. . . .

[meaning that] defendant's minimum time of incarceration jumps from 10 to 20 years with a maximum of life imprisonment." (Roach Aff., Ex. 1.) Accordingly, I found no need for an evidentiary hearing, and the same holds true today.

That leaves the matter of Anderson's stayed claim, which is based on his challenge to a prior conviction in Texas state court. Anderson states that he wishes to abandon this claim and obtain a final judgment in this court because he has been told that the process in Texas courts will take longer than he expected. It is not the role of a federal district court to provide legal advice to litigants as to the potential impact of decisions the litigant wishes to make. Nevertheless, I note that Anderson's motion is essentially a "mixed petition" – i.e., one that contains a claim not yet exhausted. Anderson should be made aware that § 2255 has strict requirements governing the filing of second or successive post-conviction motions. 28 U.S.C. § 2255(h). If Anderson abandons his fifth claim, it will be dismissed without prejudice. But if he succeeds in state court and then wishes to return to federal court, he could have difficulty because of the bar on second or successive petitions. "Assuming petitioner goes back to state court, exhausts the issue dismissed without prejudice and then attempts to return to federal court with a new petition, it could be argued that the earlier denial of one of his habeas claims caused his new petition to be second or successive." *Moore v. Schoeman,* 288 F.3d 1231, 1236 (10th Cir. 2002).[1]

---

[1] In *Green v. Warden, USP-Lewisburg,* 2008 WL 239591, *2 (M. D. Pa. 2008), the court discussed the same problem. There, a federal inmate's prior state conviction was later overturned by the state supreme court. The prior conviction had been used to calculate the petitioner's federal sentence. But because he had already filed a § 2255 motion, however, he was precluded from raising that issue in a second petition.

2

Accordingly, the court hereby warns the petitioner that abandoning his claim at this stage could impact his ability to bring another § 2255 motion based on that claim in the future. If he still wishes to take that route, he may advise the court of that fact. Until then, the case will remain stayed pending the resolution of petitioner's state claim. The motion for reconsideration is **DENIED**.

**SO ORDERED** this    9th    day of May, 2008.

                                            s/ William C. Griesbach
                                            William C. Griesbach
                                            United States District Judge