UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DEXTER ANDERSON,

    Petitioner,

v.                                    Case No. 07-C-761

UNITED STATES OF AMERICA,

    Respondent.

## ORDER

Petitioner has filed an appeal and a request for a certificate of appealability. The certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To do so, the appellant must demonstrate that reasonable jurists could debate whether this challenge in his habeas petition should have been resolved in a different manner or that the issue presented was adequate to deserve encouragement to proceed further. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

Anderson raised five claims in his § 2255 motion, although only one of them was addressed past the Rule 4 stage. He asserted that he received ineffective assistance of counsel because his attorneys did not fully consult with him prior to his decision to turn down a plea deal. I rejected this claim on the merits, chiefly because Anderson (who is articulate and relatively well-versed in legal matters) admitted he received a letter from counsel instructing him to review an enclosed plea offer from the government. The government's offer outlined in exceptionally clear terms the pros and cons of going to trial. That, I concluded, sufficed to place Anderson on notice about the decision

he faced. Anderson merely said that he later lost the letter and might have forgotten its terms; he further chastised another trial attorney for mis-handicapping his case for him. Although I concluded Anderson was not entitled to relief, it is conceivable that jurists could reasonably disagree that he received effective assistance of counsel. Accordingly, I will grant a COA on the ineffective assistance of counsel issue.

The other claims do not merit a COA, however. None of them set forth a plausible basis for ineffective assistance, and the fifth claim has been dropped altogether.

Accordingly, the request for a COA is **GRANTED** as to Anderson's ineffective assistance claim involving his decision to turn down the government's plea offer. It is **DENIED** in all other respects.[1]

**SO ORDERED** this ___18th___ day of June, 2008.

        s/ William C. Griesbach
        William C. Griesbach
        United States District Judge

---

[1] Anderson has not moved for leave to proceed on appeal *in forma pauperis*.