UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DEXTER ANDERSON,

        Plaintiff,

v.                                           Case No. 07-C-761

UNITED STATES OF AMERICA,

        Defendant.

**ORDER DENYING RULE 60(B) MOTION TO VACATE**

On August 23, 2007, Petitioner Dexter Anderson filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. The underlying convictions Anderson sought to challenge by his petition followed a jury trial in which Anderson was found guilty of conspiracy to distribute more than 50 grams of crack cocaine, possession with intent to deliver cocaine, possession of a firearm by a felon, and five counts of delivery of cocaine. On November 23, 2004, the Court imposed a below guideline sentence of 300 months. Anderson unsuccessfully appealed, and thereafter commenced this action for post-conviction relief claiming, inter alia, that his various attorneys had provided ineffective assistance of counsel. After an initial stay to allow Anderson to challenge a previous conviction from Texas that served as a predicate of, or operated to enhance the penalties for, the charges in his federal case, the Court denied his petition by order dated May 30, 2008. The Court of Appeals affirmed the Court's judgment and denied Anderson's motion for a rehearing en banc. Anderson has now filed a motion for relief of judgment pursuant to Rule 60(b) and a request for an evidentiary hearing.

Anderson's Rule 60(b) motion to vacate is obviously an improper second or successive petition for post conviction relief pursuant to § 2255. However, before addressing the merits, I first must address Anderson's motion that I recuse myself because of bias. Anderson claims that this Court is biased against him based on the adverse rulings in his case and certain comments I made at sentencing.

Pursuant to 28 U.S.C. § 455(a), "any justice, judge or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." It is important to note, however, that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). In addition, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a "deep-seated favoritism or antagonism that would make fair judgment impossible." *Id*. Here, it should be noted that Anderson's claim of judicial bias comes after the trial, sentencing, and first round of post-conviction motions. In support of his motion, Anderson raises essentially the same claims previously litigated in his second § 2255 motions. More specifically, he contends that the Court erred in determining his sentencing guideline and in denying his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). These decisions, Anderson contends, constitute evidence of judicial bias.

These claims fall far short of evidence of judicial bias. Indeed, despite this Court's conclusion that the guidelines called for a life sentence, Anderson was given 25 years, only 5 years over the mandatory minimum that was applicable. Moreover, in denying his motion for a reduction under 18 U.S.C. § 3582(c)(2), the Court specifically outlined the facts that did not warrant such

relief in his case. Particularly, the Court noted that it had already considered the crack versus powder disparity in the guidelines in imposing the original sentence and noted the aggravating factors of his case, including his attempt to obtain his gun after he was handcuffed and his refusal to accept responsibility or express any remorse even at sentencing, warranted a sentence somewhat over the mandatory minimum. Again, these decisions have been affirmed on appeal.

Anderson then takes a quote out of context from the sentencing transcript and suggests that the Court may have taken his race into consideration. Read in context, however, it is clear that the Court was responding to a suggestion made by Anderson during his sentencing allocution that the guidelines were the product of racism. Anderson expressed a sense that the guidelines for crack cocaine were woefully unfair and suggested that the laws permitting racial segregation and discrimination that were challenged by Martin Luther King and the Civil Rights Movement represented a similar injustice. Sentencing Transcript at 55-56. In response, the Court suggested that the fact that people of all races suffered from the crack cocaine epidemic, perhaps the African American communities living in the nation's central cities more than any other, rendered such an argument questionable. *Id.* at 61-62. In context, the statement carries no implication that Anderson was treated differently because of his race, but was instead an attempt by the Court to encourage Anderson to focus on his own personal responsibility for his criminal conduct rather than view himself as a victim.

In sum, I see no basis for recusing myself at this stage of these proceedings. Anderson was treated fairly throughout the trial, sentencing and post-conviction proceedings, and he has offered no basis for recusal at this time. There is no evidence of bias.

Finally, as to the underlying motion itself, it is clear that the motion to vacate the Court's previous order, to the extent it does not raise issues that have already been ruled upon, is in fact a successive § 2255 petition. As such, Anderson must obtain authorization from the Court of Appeals before bringing such a motion. *See* 28 U.S.C. § 2255(h) ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals . . . "); *see also Banks v. U.S.*, 167 F.3d 1082, 1083 (7th Cir. 1999) ("[A] Rule 60(b) motion cannot be used to circumvent restraints on successive petitions for habeas corpus."). Anderson has alleged no facts that would establish a right to relief from the judgment already entered in this matter, and since the Court lacks jurisdiction to consider a successive petition for post conviction relief, his motion is denied and the action dismissed.

**SO ORDERED** this 2nd day of November, 2010.

                               s/ William C. Griesbach
                               William C. Griesbach
                               United States District Judge